IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 04 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

| | | |
|---|---|---|
| **DIJON PASCHAL,**<br>Plaintiff,<br>v.<br>**TRANSUNION, LLC., EQUIFAX INFORMATION SERVICES LLC., EXPERIAN INFORMATION SOLUTIONS, INC.,**<br>Defendant. | ) | **CASE NO.**<br><br>1:26-CV-4398 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

**COMES NOW** the Plaintiff, Dijon Paschal ("Paschal" or "Plaintiff"), an individual consumer, files this Complaint against Defendants Trans Union, LLC and Equifax Information Services, LLC and Experian Information Solutions Inc., (collectively referred to as the "CRAs"). Plaintiff alleges as follows:

## II. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., a federal statute. This Court also has authority to award damages and equitable relief pursuant to 15 U.S.C. §§ 1681n and 1681o.
2. Venue is proper in the United States District Court for the District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## III. PARTIES

3. Plaintiff Dijon Paschal is a natural person residing in the State of Georgia.
4. Plaintiff Dijon Paschal is a "consumer" as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(b) and (c).
5. Upon information and belief, Defendant Trans Union, LLC is an Illinois corporation duly authorized and qualified to conduct business in the State of Georgia.
6. Defendant Trans Union, LLC is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and regularly assembles and disseminates consumer reports to third parties for monetary compensation.
7. Upon information and belief, Defendant Equifax Information Services, LLC is a Georgia corporation with its principal place of business in Atlanta,

Georgia, and is duly authorized and qualified to conduct business in the State of Georgia.

8. Defendant Equifax Information Services, LLC is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and regularly assembles and disseminates consumer reports to third parties for monetary compensation.

9. Upon information and belief, Defendant Experian Information Solutions Inc., is an California corporation duly authorized and qualified to conduct business in the State of Georgia

10. Defendant Experian Information Solutions, Inc., is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and regularly assembles and disseminates consumer reports to third parties for monetary compensation.

## IV. FACTUAL ALLEGATIONS

11. On or about December 11th, 2025, Plaintiff Dijon Paschal obtained copies of her consumer credit disclosures from Defendant Equifax Information Services, LLC, Defendant Trans Union, LLC, and Defendant Experian Information Solutions Inc., through www.annualcreditreport.com.

Equifax Confirmation Number: 5345500612

12. Pursuant to 15 U.S.C. § 1681g(a), Equifax was required to clearly and accurately disclose to Plaintiff Dijon Paschal all information contained in

her credit file, subject only to the limited statutory exception permitting truncation of the Social Security number.

13. Equifax's disclosure omitted critical information contained within Plaintiff's credit file, thereby failing to meet the requirements of 15 U.S.C. § 1681g(a).

14. The omitted data included inaccurate information, re-aged data, and incomplete account details.

15. The accounts with known inaccuracies or incomplete data included.

16. These errors and omissions were numerous and included, but were not limited to, the following: incomplete account numbers; incomplete credit limits; missing or inaccurate terms and durations; incorrect reporting of payment frequency; missing or inaccurate activity designators; incorrect dates of last payment; inaccurate actual payment amounts; incorrect scheduled payment amounts; inaccurate dates of last activity; incorrect dates of first delinquency; inaccurate charge-off amounts; missing or inaccurate deferred payment start dates; incorrect balloon payment amounts; incorrect balloon payment dates; and incorrect account status information.

17. *AMERICANEXPRESS *0793* full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last

payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

18. *JPMCB CARD SERVICES *1484* full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

19. *GENESISCRE *9078* full account number missing, original creditor is missing, credit limit missing, date of last activity missing, scheduled payment amount missing, actual payment amount missing, date of last payment missing, term duration missing, charge-off amount missing, date closed missing, activity designator missing, terms frequency missing, deferred payment start date missing, balloon payment amount missing, balloon payment date missing, and payment history missing.

<u>Transunion File Number: 458086971</u>

20. Similarly, Defendant Trans Union, LLC was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information contained in Plaintiff Dijon Paschal's credit file, subject only to the same limited statutory exception regarding Social Security number truncation.

21. Defendant Trans Union, LLC's disclosure failed to include key information from Plaintiff Dijon Paschal's credit file.

22. The inaccuracies included erroneous data, incomplete payment histories, missing source information, and missing or incomplete dates of activity.

23. The affected accounts included:

24. *AMERICAN EXPRESS 349993021697***** full account number is missing, payment history balance missing, amount paid missing, past due missing, scheduled payment missing, and rating missing.

25. *JPMCB CARD SERVICES 414720255948***** full account number is missing, payment history balance missing, amount paid missing, past due missing, scheduled payment missing, and rating missing.

26. *COLUMBIA DEBT RCVY GENESIS 45590*** full account number is missing, payment history balance missing, amount paid missing, past due missing, scheduled payment missing, and rating missing.

<u>Experian Report Number: 1014-9676-84</u>

27. Experian was also required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Paschal all the information in her file, subject to the same limited exception regarding truncation of the Social Security Number.

28. Experian's disclosure omitted critical information contained within her credit file, thereby failing to meet this requirement.

29. The omitted data included inaccurate information, re-aged data, and incomplete account details.

30. The accounts with known inaccuracies or incomplete data included:

31. *AMERICAN EXPRESS 3499930216970793xxxx* full account number missing, balance missing, balance updated missing, recent payment missing, monthly payment missing, highest balance missing payment history missing.

32. *COLUMBIA DEBT RECOVERY 455907xxxx* full account number missing, balance missing, balance updated missing, recent payment missing, monthly payment missing, highest balance missing payment history missing.

33. *SCHOOLSFIRST FEDERAL CREDIT UNION 552312xxxx* full account number missing, balance missing, balance updated missing, recent payment missing, monthly payment missing, highest balance missing payment history missing.

34. *CREDIT SYSTEMS INTERNATIONAL 138733xxxx* full account number missing, balance missing, balance updated missing, recent payment missing, monthly payment missing, highest balance missing payment history missing.

35. *DISCOVER CARD 601100xxxx* full account number missing, balance missing, balance updated missing, recent payment missing, monthly payment missing, highest balance missing payment history missing.

36. *JPMCB CARD 414720xxxx* full account number missing, balance missing, balance updated missing, recent payment missing, monthly payment missing, highest balance missing payment history missing.

37. These errors and omissions were numerous and included, bet were not limited to, the following: Under 15 U.S.C. § 1681g(a), upon receipt of Paschal's request, all Defendants were legally obligated to provide Plaintiff with a complete and accurate disclosure of all information in her credit files at the time of her request.

38. Defendants provided an electronic copy of Paschal's Consumer Disclosure via www.annualcreditreport.com.

39. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Paschal's credit file.

40. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

41. Accordingly, Equifax, Experian and TransUnion, violations of the FCRA were willful.

42. Paschal is entitled to receive a complete, accurate, and transparent disclosure of her credit file from each CRA upon demand, at least once a year without charge, and that disclosure must be presented clearly and accurately. See 15 U.S.C. § 1681j.

43. By failing to meet this requirement, Defendants deprived Paschal of a right expressly granted by federal law.

44. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA. Paschal relied on the information the report to be accurate and complete therefore to prevent dissemination of a misleading report. This left Paschal confused and distressed as all Defendants made it hard to correct her credit profile. Paschal suffers from emotional distress from the incomplete and inaccurate reporting by anxiety, depression, fear, numbness, difficulty regulating emotions and self-hatred. Paschal has lost money with the postage from Defendants not providing complete and accurate profiles.

## V. CLAIMS FOR RELIEF
## COUNT I
## VIOLATIONS OF THE FCRA

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

46. Defendants violated the FCRA.

47. Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

48. Trans Union's, Experian's and Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

49. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## JURY DEMAND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dijon Paschal respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants Trans Union, LLC., Experian Information Solutions Inc., and Equifax Information Services, LLC, for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Costs, and reasonable fees incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: ______________________
**Dijon Paschal**
Goalspecificclothing@gmail.com
238 Bermuda Court
Dallas GA 30157
Phone: (334) 415-8975
***Pro Se Plaintiff***